Paul B. Mengedoth (018507)
**MENGEDOTH LAW PLLC**
14646 N. Kierland Blvd., Suite 140
Scottsdale, AZ 85254
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail: paul@mengedothlaw.com

Attorney for Plaintiff Leslee Roy

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| LESLEE ROY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, a foreign corporation<br><br>Defendant. | No. _____<br><br>**CLASS ACTION COMPLAINT**<br>**(Fair Credit Reporting Act)**<br><br>**JURY TRIAL REQUESTED** |

PRELIMINARY STATEMENT

1.     This is a consumer class action brought for willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), against Trans Union, LLC ("Trans Union"), a national consumer reporting agency. In violation of the FCRA, Trans Union prepares and furnishes consumer reports that include State of Arizona tax

liens that: (a) the FCRA prohibits Trans Union from reporting; and (b) that have been paid, satisfied or released, but are not reported as paid, satisfied or released.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### PARTIES

3. Plaintiff Leslee Roy ("Plaintiff") is an adult individual who had a State of Arizona tax lien that was paid, satisfied and released. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Trans Union is a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS

5. On May 17, 2011, Plaintiff went to a car dealer to arrange the purchase of a truck she had been leasing. The car dealer requested a consumer report on Plaintiff from Trans Union.

6. On May 17, 2011, Trans Union furnished the car dealer with a consumer report on Plaintiff that listed a State of Arizona tax lien, number 9006494. This tax lien had been paid and satisfied, and the Arizona Department of Revenue executed a full release of this tax lien on July 14, 1995.

7. The Maricopa County Recorder recorded such release on July 19, 1995.

8. The Trans Union consumer report did not indicate that the lien had been paid, satisfied or released.

9. On May 17, 2011, Trans Union furnished a consumer report on Plaintiff to an auto financing company that listed a State of Arizona tax lien, number 9006494. This tax lien had been paid and satisfied, and recorded as fully released on July 19, 1995. The Trans Union consumer report did not indicate that the lien had been paid, satisfied or released.

10. The FCRA specifically prohibits a consumer reporting agency such as Trans Union from reporting a tax lien if seven years have passed since the tax lien was paid. The FCRA provides: "[N]o consumer reporting agency may make any consumer report containing any of the following items of information: … (3) Paid tax liens which, from date of payment, antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(3).

11. The FCRA also provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

12. Trans Union's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681c(a)(3) and § 1681e(b) of the FCRA. Trans Union's collecting and reporting tax liens is believed by it to be of greater economic value than collecting and reporting information

3

indicating that a tax lien has been paid, satisfied or released, or that a tax lien was paid more than seven years earlier and cannot be included in a consumer report.

13. The reporting of the tax lien by Trans Union was inaccurate and occurred because Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports. Specifically, Trans Union does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases of tax liens that it follows to obtain the original tax lien information.

14. At all times pertinent, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

## FIRST CLASS ACTION CLAIM FOR RELIEF

(15 U.S.C. § 1681c(a)(3))

15. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 12 as if fully set forth herein.

16. Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class: All consumers who had a tax lien recorded in the State of Arizona on a Trans Union consumer report dated on or after May 16, 2008, which tax lien had been paid more than seven years prior to the date of the consumer report (hereafter the "Section 1681c(a)(3) Class").

17. Trans Union violated 15 U.S.C. § 1681c(a)(3) by making consumer reports containing a paid tax lien which, from date of payment, antedate the report by more than seven years.

18. As a result of the conduct of Trans Union, Plaintiff and other Section 1681c(a)(3) Class members suffered actual damages.

19. Trans Union's violation of 15 U.S.C. § 1681c(a)(3) was willful, rendering Trans Union liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent, rendering Trans Union liable pursuant to 15 U.S.C. § 1681o.

20. Plaintiff and the Section 1681c(a)(3) Class members are entitled to recover their actual damages and/or statutory damages, punitive damages, costs, and attorney fees from Trans Union pursuant to 15 U.S.C. § 1681n and § 1681o.

21. On information and belief, Plaintiff alleges that the Section 1681c(a)(3) Class is so numerous that joinder of all members is impracticable.  The names and addresses of the Section 1681c(a)(3) Class members are identifiable through documents maintained by Trans Union and through publicly available county records, and the Section 1681c(a)(3) Class members may be notified of the pendency of this action by published and/or mailed notice.

22. There are questions of law and fact common to the Section 1681c(a)(3) Class that predominate over any questions affecting only individual Section 1681c(a)(3) Class members.  These common questions are whether Trans Union negligently or willfully

violated the FCRA by reporting paid tax liens which had been paid more than seven years prior to the date of the report.

23.     Plaintiff's claims are typical of the claims of each Section 1681c(a)(3) Class member, as Plaintiff's claims arise from the same operative facts and are based on the same legal theories.

24.     Plaintiff will fairly and adequately protect the interests of the Section 1681c(a)(3) Class.  Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims under the FCRA.  Neither Plaintiff nor counsel has any interests which might cause them not to vigorously pursue this claim.

25.     This action should be maintained as a class action because questions of law and fact common to the Section 1681c(a)(3) Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Trans Union's conduct and the limited availability of legal representation for such prosecutions.  It would be virtually impossible for the members of the Section 1681c(a)(3) Class individually to redress effectively the wrongs done to them.  Even if the members of the Section 1681c(a)(3) Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  In fact, it is also likely that a large number of class members may not even know of the FCRA

violation, not having reviewed their current credit report, or discovered that a paid tax lien more than seven years old is currently, or was, being reported.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system.  By contrast, the class action process will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## SECOND CLASS ACTION CLAIM FOR RELIEF

(15 U.S.C. § 1681e(b))

26.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 12 as if fully set forth herein.

27.     Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class: All consumers who had a tax lien recorded in the State of Arizona on a Trans Union consumer report dated on or after May 16, 2008, which tax lien had been paid, satisfied or released and was not being reported by Trans Union as paid, satisfied or released (hereafter the "Section 1681e(b) Class").

28.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other Section 1681e(b) Class members.

7

29. As a result of the conduct of Trans Union, Plaintiff and other Section 1681e(b) Class members suffered actual damages.

30. Trans Union's violation of 15 U.S.C. § 1681e(b) was willful, rendering Trans Union liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent, rendering Trans Union liable pursuant to 15 U.S.C. § 1681o.

31. Plaintiff and the Section 1681e(b) Class members are entitled to recover their actual damages and/or statutory damages, punitive damages, costs, and attorney fees from Trans Union pursuant to 15 U.S.C. § 1681n and § 1681o.

32. On information and belief, Plaintiff alleges that the Section 1681e(b) Class is so numerous that joinder of all members is impracticable.  The names and addresses of the Section 1681e(b) Class members are identifiable through documents maintained by Trans Union and through publicly available county records, and the Section 1681e(b) Class members may be notified of the pendency of this action by published and/or mailed notice.

33. There are questions of law and fact common to the Section 1681e(b) Class that predominate over any questions affecting only individual Section 1681e(b) Class members.  These common legal and factual questions include:

    (a) Whether Trans Union adopted procedures that collected and reported information on payment, satisfaction or release of tax liens recorded in the State of Arizona that were less accurate, thorough and effective than those it used to collect and report the original tax liens;

8

(b) Whether Trans Union did so negligently, recklessly, knowingly or intentionally in conscious disregard of the rights of the Section 1681e(b) Class members; and

(c) Whether Trans Union's conduct constituted violations of the FCRA.

34. Plaintiff's claims are typical of the claims of each Section 1681e(b) Class member, as Plaintiff's claims arise from the same operative facts and are based on the same legal theories.

35. Plaintiff will fairly and adequately protect the interests of the Section 1681e(b) Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims under the FCRA. Neither Plaintiff nor counsel has any interests which might cause them not to vigorously pursue this claim.

36. This action should be maintained as a class action because questions of law and fact common to the Section 1681e(b) Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Trans Union's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the members of the Section 1681e(b) Class individually to redress effectively the wrongs done to them. Even if the members of the Section 1681e(b) Class themselves could afford such

individual litigation, it would be an unnecessary burden on the Courts. In fact, it is also likely that a large number of class members may not even know of the FCRA violation, not having reviewed their current credit report, or discovered that a paid, satisfied or released tax lien was not, or is not, being reported as such. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system. By contrast, the class action process will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## JURY TRIAL DEMAND

37.     Plaintiff demands trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Trans Union as follows:

(a)     An order certifying the proposed Section 1681c(a)(3) Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b)     An order certifying the proposed Section 1681e(b) Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(c)     An order declaring that Trans Union's actions as described above are in violation of the FCRA;

(d) Actual damages to be determined by the jury;

(e) Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(l);

(f) Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

(g) Costs and attorney fees, pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(h) Such other relief as may be just and proper.

DATED this 16th day of May, 2013     **MENGEDOTH LAW PLLC**

/s Paul B. Mengedoth _____
Paul B. Mengedoth
14646 N. Kierland Blvd., Suite 140
Scottsdale, AZ 85254
Attorney for Plaintiff Leslee Roy

11