Paul B. Mengedoth (018507)
MENGEDOTH LAW PLLC
20909 N. 90th Place Suite 211
Scottsdale, AZ 85255
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail: paul@mengedothlaw.com

Robert S. Sola (OR 844541)(*admitted pro hac vice*)
ROBERT S. SOLA, P.C.
8835 SW Canyon Lane Suite 130
Portland OR 97225
Tel: (503) 295-6880
Fax: (503) 291-9172
E-Mail: rssola@msn.com

Attorneys for Plaintiff Leslee Roy

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| LESLEE ROY, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>　　　　　　　Defendant. | **No. 2:13-cv-01013-DGC**<br><br>**JOINT CASE MANAGEMENT REPORT** |

**1.    Rule 26(f) Conference**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's September 24, 2013 and September 27, 2013 Orders (Docs. 14 and 15), an initial Rule 26(f) conference was held on October 10, 2013, and was attended by:

Paul B. Mengedoth
Robert S. Sola
Attorneys for Plaintiff Leslee Roy

Stephen J. Newman
Catherine Huang
Attorneys for Defendant Trans Union LLC

All of the foregoing assisted in developing the Joint Case Management Report.

**2.      List of Parties**

    **a.**      Plaintiff Leslee Roy

    **b.**      Defendant Trans Union LLC

**3.      Nature of the Case**

    **a.      Plaintiff Roy's Statement**

Plaintiff Leslee Roy ("Plaintiff") brings this action against Trans Union LLC ("Trans Union") under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq. Trans Union is a consumer reporting agency governed by the FCRA.

The FCRA requires that when Trans Union prepares consumer reports, it follow reasonable procedures to assure the maximum possible accuracy of the information contained in the report. FCRA, 15 U.S.C. § 1681e(b). The FCRA also specifically prohibits Trans Union from reporting a tax lien if seven years have passed since the tax lien was paid. FCRA, 15 U.S.C. § 1681c(a)(3). The consumer reports that Trans Union prepared regarding Plaintiff in May 2011 establish that Trans Union violated both these provisions of the FCRA.

On May 17, 2011, Trans Union prepared a consumer report on Plaintiff that was furnished to a car dealer from whom Plaintiff was seeking financing. At the time Trans Union prepared that report, the records of the Arizona Department of Revenue and Maricopa County Recorder showed that Plaintiff had a tax lien that was released on July 19, 1995. Despite these records and Tran Union's obligation to follow reasonable procedures to assure maximum possibly accuracy of information it reported on May 17,

2011, Trans Union prepared and furnished a report to the car dealer that listed the tax lien without indicating it had been released. Trans Union prepared and furnished a second credit report with the inaccurate tax lien information to an auto financing company on May 17, 2011. Trans Union either failed to check the Arizona Department of Revenue's tax records or the Maricopa County Recorder's office records or it misunderstood those documents, when it prepared Plaintiff's consumer report in May 2011.

Because Plaintiff's tax lien was released in July 1995, Trans Union was prohibited from listing that tax lien on Plaintiff's consumer report seven years after that date or no later than July 2002. As a consumer reporting agency required to comply with that section of the FCRA prohibiting the reporting of a paid tax lien more than seven years after it was paid, Trans Union was required to have a system in place that would remove paid tax liens from a consumer's credit report seven years after the date of payment. However, Trans Union did not have such a system in place, resulting in the paid tax lien being reported on Plaintiff's credit report approximately 16 years after it was paid.

Preliminary investigation by Plaintiff has confirmed that Trans Union does not follow reasonable procedures to assure the maximum possible accuracy of Arizona tax lien information that it includes on its consumer reports and that Trans Union has repeatedly reported tax liens that were released without indicating they were released. Preliminary investigation by Plaintiff has also disclosed that Trans Union regularly and systematically fails to gather and report information pertaining to the release of tax liens filed in the State of Arizona and reports tax lien information more than seven years after they are paid contrary to the requirements of the FCRA; therefore, class treatment is appropriate.

### b. Trans Union's Statement

Plaintiff alleges that a State of Arizona tax lien, which was recorded by the Maricopa County Recorder on June 26, 1990, appeared on her credit report. The tax lien information was properly collected.

It appears that on July 19, 1995, the Maricopa County Recorder recorded the release of Plaintiff's tax lien. Under normal procedures, information about the release would have been collected and Plaintiff's credit file would have been updated to reflect the more recent information. However, it appears that the information about the lien release was not collected and/or placed on Plaintiff's credit file. Because the alleged omission occurred more than eighteen years ago, the reasons for the omission are unknown. Nevertheless, the alleged omission had no adverse effect on Plaintiff, as in the intervening eighteen years she never informed Trans Union of any need to update her file. For example, on March 26, 2011, Plaintiff obtained a copy of her credit file disclosure, which expressly disclosed the presence of the unreleased lien, but she never informed Trans Union that the lien's status should be updated to released. Had Plaintiff done so, the item would have been updated immediately. Even so, nearly two years before this action was filed, the tax lien was automatically removed from Plaintiff's credit file, without any communication or other action by Plaintiff, due to the item's age.

Class treatment is not appropriate here because nothing suggests any systemic problem with collecting and/or capturing State of Arizona tax lien or lien release information, based on one alleged omission that occurred eighteen years ago. Additionally, Plaintiff will not be able to show any willful violation by Trans Union (15 U.S.C. § 1681n), nor will Plaintiff be able to establish that Trans Union's alleged failure to receive information about the tax lien release was due to any negligent procedure by Trans Union (15 U.S.C. § 1681o). Further, Plaintiff will not be able to show any actual damages, which is an element of her negligence claim.

1 **4.     Jurisdictional Basis.**  Jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. § 1331.

**5.     Parties Not Served and Parties Failing to Answer.**  The only defendant, Trans Union, has been served and has filed its Answer.

**6.     Potential Addition of Other Parties or Amended Pleadings.**  Plaintiff anticipates that she may need to amend her Class Action Complaint to include additional parties or substitute not yet named parties.  Plaintiff anticipates that she will be conducting third party discovery of state public records that are expected to be voluminous in the possession of the County Recorders' Offices in the State of Arizona and such information may yield additional named parties.  Plaintiff's counsels' experience is that much of this information in the possession of public officials necessitates longer than ordinary for the production of formal discovery.

Based on the foregoing and upon good faith of the parties, the parties propose any motion to amend, consolidate, or join additional parties be made no longer than 105 days from the date of the Court's filing of the Case Management Order.

**7.     Expedited Trial Alternative and Certification of Counsel.**  At least one of the parties does not agree to conduct an Expedited Trial as set forth in the Court's September 24, 2013 Order.  Pursuant to that Order, undersigned counsel certify that they discussed the expedited trial alternative with his or her client before the Rule 26(f) conference and provided his or her respective clients two good faith estimates as specified in that Order.

**8.     Pretrial Dispositive Issues.**  The parties reasonably anticipate that dispositive or partially dispositive issues to be decided by pretrial motions may be filed addressing the parties' respective liability under applicable federal statutes and applicable law.  At this time, all factual and legal issues are in dispute except any factual matters admitted in any party's answer.  The parties believe that certain issues can be narrowed by stipulation or motion during discovery.

5

**9.     Reference to U.S. Magistrate for Further Proceedings.**  The parties do not propose reference of this case to a U.S. Magistrate Judge.  At least one party has objected to referral of this matter to a U.S. Magistrate Judge.

**10.     Related Cases.**  There currently are no other related cases pending before other judges of this Court or before other courts to the parties' knowledge.

**11.     Electronically Stored Information.**  The parties agree they will disclose any electronically stored information initially in .pdf format, with the further production of any electronically stored data and metadata as agreed upon by the parties and, if no agreement can be reached, upon further assistance of the Court.

**12.     Claims of Privilege or Work Product.**  The parties agree to provide a log describing all otherwise discoverable documents or information which are withheld on a claim of privilege or as trial preparation material.

**13.     Attorney-Client and Work Product Privileges and Order.**  The parties do not anticipate the necessity of a Rule 502(d) order being necessary in this case at this time.

**14.     Discovery.**

   **a.     Extent, Nature and Location.**  The parties reasonably anticipate that they will issue requests for production of documents and admissions and interrogatories as this case dictates and warrants throughout the discovery period.  The parties also reasonably anticipate that depositions of Plaintiff, representatives and designated representatives of Trans Union, other third parties and any designated experts will be conducted in accordance with and under the time limits of the Federal Rules of Civil Procedure.

As noted in section 21 below, Plaintiff further requests an addition to the scheduling order be added pertaining to conducting deposition of parties outside the United States and the State of Arizona by Skype or other similar video/telephone conferencing systems.

1  **b.  Scope of Discovery.**  The parties disagree on the scope of
2  discovery.  Plaintiff does not wish to limit discovery beyond the scope set forth in Fed.
3  R. Civ. P. 26.
4  Trans Union proposes to bifurcate discovery into phases, with class discovery
5  and discovery of the Plaintiff on her individual claims occurring in Phase I.  Trans
6  Union recommends that Phase II (merits discovery) deadlines not be set until after there
7  is a ruling on the motion for class certification.
8  **c.  Hours Permitted for Each Deposition and Number of**
9  **Depositions.**  Plaintiff expects that it will be necessary to exceed the seven hour limit
10 for depositions of Trans Union.  Plaintiff expects that it may be necessary to take more
11 than ten depositions.  Trans Union reserves its rights to have depositions taken in
12 accordance with the Federal Rules of Civil Procedure.
13 **15.  Timing of Service of Initial Disclosures.**  The parties exchanged initial
14 disclosures on October 24, 2013.
15 **16.  Proposed Dates.**
16 **Plaintiff's Proposed Schedule:**
17 **(a)  Fact Discovery.**  Fact discovery shall be completed by June 20, 2014.
18 **(b)  Expert Reports.**  Expert disclosures required by Fed. R. Civ. P. 26(a)(2)
19 shall be served no later than July 25, 2014, and any rebuttal expert disclosures shall be
20 served no later than August 22, 2014.
21 **(c)  Expert Depositions.**  Expert depositions shall be completed no later than
22 September 19, 2014.
23 **(d)  Settlement Talks**.  Face-to-face, good faith settlement talks to be held no
24 later than May 30, 2014.
25 **(e)  Dispositive Motions**.  The parties agree that no dispositive motions shall
26 be filed until after the issue of class certification is decided, and that the deadline for
27 dispositive motions should be set after the issue of class certification is decided.
28

7

**Trans Union's Proposed Schedule:**

Trans Union proposes the following Phase I dates, and suggests that the setting of Phase II and trial dates be deferred until after class certification proceedings are completed.

- Factual discovery relating to Rule 23 and Plaintiff's individual claim to commence immediately and continue through June 20, 2014.
- Hearing on motion for class certification to occur on November __, 2014.
- Phase I expert reports to be served on or before July 25, 2014.
- Any rebuttal Phase I expert reports to be served on or before August 22, 2014.
- Phase I expert depositions to be completed on or before September 19, 2014.
- Motion for class certification to be filed on or before September 30, 2014.
- Response to motion for class certification to be filed on or before October 28, 2014.
- Reply in further support of motion for class certification to be filed on or before November 19, 2014.
- The parties agree that no dispositive motions shall be filed until after the issue of class certification is decided, and that the deadline for dispositive motions should be set after the issue of class certification is decided.

**17.** **Jury Trial.** A jury trial has been requested in this case for all claims.

**18.** **Prospects for Settlement.** Settlement is not presently subject to evaluation. The parties will engage in good faith settlement talks, however, with or without the assistance of an independent neutral. If the parties cannot arrive at a settlement on their own or with an agreed upon neutral, the parties anticipate they would contact the Court to seek the Court's assistance in appointing a U.S. Magistrate Judge or other independent neutral to conduct any settlement discussions.

**19. Trial.** Plaintiff estimates the case will be ready for trial after September 1, 2014 and estimates the length of the trial to last four days in her individual case and an indeterminate number of days in a class action trial. Plaintiff has no suggestions for shortening the trial at this time. Trans Union cannot estimate when the case will be ready or the length of time necessary for trial until after class certification proceedings are completed.

**20.** The **email addresses** for the respective parties are as follows:

Plaintiff's counsel:

> Robert S. Sola – rssola@msn.com
>
> Paul B. Mengedoth – pmengedoth@mengedothlaw.com

Trans Union's counsel:

> Stephen J. Newman – snewman@stroock.com
>
> Catherine Huang – chuang@stroock.com; lacalendar@stroock.com
>
> Paul L. Myers – paul.myers@strasburger.com
>
> Philip R. Wooten – pwooten1@cox.net

**21. Other Matters**.

    **a. Protective Order**. The parties note that there will be a need for certain discovery in this case to be governed by a pre-trial protective order. Counsel for Plaintiff sent counsel for Trans Union a draft protective order on October 9, 2013 with the expectation that a stipulated protective order governing only pre-trial discovery in this case be entered in order to facilitate discovery. On October 22, 2013, Trans Union proposed revisions to that draft. The parties are still currently negotiating the terms of such protective order.

    **b. Video Conferencing Deponents Outside the United States and Out of the State of Arizona**. Plaintiff expects that Trans Union and/or its vendors utilize employees and/or independent contractors under its control outside of the United States and outside the jurisdiction of Arizona to operate electronic data entry systems pertaining to Plaintiff's credit reporting files. Plaintiff requests that the video

9

conferencing of such individuals during depositions via telephone and/or Skype or other similar video conferencing systems be addressed in the manner Plaintiff proposes in the Court's Case Management Order to save time and costs as set forth in the Court's September 24, 2013 Order and to avoid any future disputes on the issue and unduly burdening the Court. Such order would promote efficiency, reduce costs and expense of the necessity of attending depositions in foreign countries and shorten the time necessary for the discovery phase of this case. Defendants have not yet agreed to stipulate to the conduct of depositions in such matter, so Plaintiff requests that an order issue at the present time providing that the parties may avail themselves, at their option, of such method(s) of conducting depositions of witnesses or parties located outside the United States or the State of Arizona.

Pursuant to Fed. R. Civ. P. 30(b)(4), the parties may stipulate, or the Court may on motion order that a deposition be taken by telephone or other remote means. *See Guillen v. Bank of America Corp.*, No. 10-05825 EJD PSG, 2011 U.S. Dist. LEXIS 97966, at *4 (N.D. Cal. Aug. 31, 2011) (Trans Union LLC and Equifax Information Services, LLC parties) (granting Plaintiff's motion to compel video conferencing of defendant Bank of America by telephone and/or Skype video conference). The party declining to travel to the deposition shall pay for the cost to use telepresence technology.

DATED the 19th day of November, 2013.     **ROBERT S. SOLA, P.C.**

/s/ Robert S. Sola_____
Robert S. Sola


**MENGEDOTH LAW PLLC**


/s/ Paul B. Mengedoth_____
Paul B. Mengedoth

10

|  |  |
|---|---|
|  | Attorneys for Plaintiff Leslee Roy |
|  | **STROOCK & STROOCK & LAVAN LLP** |
|  | /s/ Stephen J. Newman_____<br>Stephen J. Newman |
|  | **STRASBURGER & PRICE, LLP** |
|  | /s/ Paul L. Myers_____<br>Paul L. Myers |
|  | **PHILIP R. WOOTEN, P.C.** |
|  | /s/ Philip R. Wooten_____<br>Philip R. Wooten |
|  | Attorneys for Defendant Trans Union LLC |

The undersigned hereby certifies that on this 19th day of Noember, 2013, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert S. Sola
Robert S. Sola, P.C.
8835 SW Canyon Lane Suite 130
Portland OR 97225
Co-counsel for Plaintiff

Phillip R. Wooten
Phillip R. Wooten, P.C.

3413 East Equestrian Trail
Phoenix, AZ 85044-3403

Stephen J. Newman (*pro hac vice*)
Catherine Huang (*pro hac vice*)
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Paul L. Myers (*pro hac vice*)
Strasburger & Price LLP
2801 Network Blvd, Ste 600
Frisco, TX 75034

Attorneys for Defendant TransUnion LLC

By: /s/ Paul B. Mengedoth
    Paul B. Mengedoth